# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| HERBERT M. SAYERS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:08-CV-790 CAS |
| ) | |
| WASHINGTON COUNTY, MISSOURI, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER OF REMAND

This removed matter is before the Court on defendant's motion to dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). Plaintiffs oppose the motion. For the following reasons, defendant's motion will be granted as to plaintiffs' federal claims, denied without prejudice as to plaintiffs' state law claims, and the state law claims will be remanded to state court.

**Background.**

Plaintiffs Herbert M. Sayers and Connie L. Sayers are residents of Washington County, Missouri ("defendant County"). Plaintiff Sayersbrook Bison Ranch, LP, is a limited partnership owned by the Sayerses located in defendant County. Plaintiffs allege that defendant County deprived them of their constitutional rights by failing to maintain a county road, Sayersbrook County Road, that provides access to Sayersbrook Bison Ranch. Plaintiffs bring this action in three counts against defendant County, violation of 42 U.S.C. § 1983 (Count I), declaratory judgment (Count II), and public nuisance (Count III).

**Legal Standard.**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Neitzke v. Williams, 490 U.S. 319, 327 (1989).

**Discussion.**

    A.    Section 1983 Claim

Under 42 U.S.C. § 1983, a civil action may be brought against any person who, while acting under color of state law, subjects any citizen to the deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States. The statute is designed "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161 (1992).

Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. See Albright v. Oliver, 510 U.S. 266, 271 (1994); Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979). The first step in any such claim is to identify the specific constitutional right allegedly infringed. See Graham v. Connor, 490 U.S. 386, 394 (1989).

Plaintiffs claim the defendant County's failure to maintain Sayersbrook County Road violates the equal protection clause and the due process clause of the Constitution. See Compl. at ¶ 8.

### 1. *Equal Protection Clause*

Defendant moves to dismiss plaintiffs' § 1983 claim to the extent it is based on a violation of the equal protection clause of the Fourteenth Amendment. Defendant argues that plaintiffs have not alleged that they are members of a protected class, and have not alleged any acts of discrimination. Defendant states that even if plaintiffs had alleged discriminatory acts, they have not alleged any discrimination that was purposeful or intentional. Plaintiffs respond, without citation or support, that "since Plaintiffs in this case are members of the class being discriminated against, it is not required that the alleged discrimination be purposeful or intentional." Pl. Resp. at 4. Also, plaintiffs argue that the complaint indirectly alleges an equal protection violation because it states that Sayersbrook County Road is not maintained while other county roads are maintained.

The equal protection clause "prohibits government officials from selectively applying the law in a discriminatory way." Central Airlines, Inc. v. United States, 128 F.3d 333, 334-35 (8th Cir. 1998). It protects "fundamental rights," "suspect classifications," and "arbitrary and irrational state action." See Batra v. Board of Regents of Univ. of Neb., 79 F.3d 717, 721 (8th Cir. 1996). For example, "[t]he unlawful administration by state officers of a state statute fair on its face, resulting in unequal application to those who are entitled to be treated alike, is not a denial of equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination." Id. "The key requirement is that plaintiff allege and prove unlawful, purposeful discrimination." Id. at 722. As a threshold matter, "[t]o state an equal protection claim, [plaintiffs] must have established

that [they were] treated differently from others similarly situated." Creason v. City of Washington, 435 F.3d 820, 823 (8th Cir. 2006).

Plaintiffs have not alleged that they have been treated differently from others similarly situated. Nor have they alleged any unlawful, purposeful discrimination. Read liberally, the most the complaint alleges is that Sayersbrook County Road in Washington County is in poor repair while other roads in Washington County are in good repair. Such bare allegations are insufficient to state a claim for relief under the equal protection clause that is plausible on its face. See Twombly, 127 S. Ct. at 1974. Plaintiffs' equal protection claim fails.

2. *Due Process Claim*

Defendant argues that to the extent plaintiffs' complaint asserts a violation of a substantive due process right, they have not alleged the nature of such a right or that they have an entitlement to such a right.[1] Further, defendant argues, plaintiffs have failed to allege that each has a fundamental right or entitlement to the delivery of road maintenance and repair services. Plaintiffs state that landowners have "a vested private property right to a county road for ingress and egress to their property, and the inability to use the public road as a result of a county's action has been found to be a due process violation." Plaintiffs cite, however, to a Missouri state case in which the state court found a violation of procedural due process because landowners had not been given proper notice of a petition and hearing to vacate a county road. This case does not support plaintiffs' argument.

---

[1] Plaintiffs' complaint does not state whether their due process allegations involve violations of their substantive or procedural due process rights. Defendant addressed only whether plaintiffs sufficiently alleged a substantive due process claim. Any procedural due process claim would fail because plaintiffs have not challenged the manner of any deprivation, such as lack of notice or opportunity to be heard. See Creason v. City of Washington, 435 F.3d 820, 824 (8th Cir. 2006).

In analyzing a substantive due process claim, the Court's task is two-fold. First, it considers whether plaintiffs "possessed a right arising under the Fourteenth Amendment," and second it determines "whether [the County's] conduct deprived plaintiffs of [that right] within the meaning of the due process clause." Creason, 435 F.3d at 824. To determine whether plaintiffs have a protected property interest, the Court must refer to state law. See Bituminous Materials, Inc. v. Rice County, Minn., 126 F.3d 1068, 1070 (8th Cir. 1997). Such interest must be "a legitimate claim to entitlement . . . as opposed to a mere subjective expectancy." Id. In the context of land use, a claim to entitlement arises when a statute places substantial limits on the government's exercise of its discretion. Id.

In its entirety, plaintiffs' due process claim is as follows: "Defendant has failed to provide equal protection for plaintiffs' rights under RSMo. § 230.030 and has deprived plaintiffs of free use of their property without due process of law in violation of plaintiffs' constitutional rights." Pl. Compl. at ¶ 8. Plaintiffs' complaint, read liberally, asserts that they had a protected property interest in a well-maintained county road pursuant to Missouri Statute § 230.030. Section 230.030 provides as follows:

> **Power and Duties of the County Highway Commission.** It shall be the duty of the county highway commission and said commission shall have the power to locate, lay out, designate, construct and maintain, subject to approval of the state highways and transportation commission, a system of county highways not exceeding in the aggregate at any given time one hundred miles in any county . . . .

§ 230.030 RSMo.

Section 230.030 merely clarifies the powers and duties of the county highway commission, and states that such commission has the duty and power to construct and maintain county roads. The statute does not grant the public any rights with respect to the county highway system. Nothing in

the statute can be interpreted as granting plaintiffs a "legitimate claim to entitlement" to have the county road abutting their property well maintained. At most, plaintiffs have a subjective expectancy to a well-maintained road. Plaintiffs' interest in the well-maintained road "amounts to nothing more than an abstract need or desire, which is not sufficient to establish a protected property interest." Bituminous Materials, Inc., 126 F.3d at 1070. The Court finds that plaintiffs have failed to sufficiently plead they had a protected property interest in the maintenance of the road, and therefore their substantive due process claim fails.

B. Remaining Claims

As for plaintiffs' remaining state law claims for declaratory judgment and nuisance (Counts II and III), there is no independent basis for jurisdiction and this Court declines to exercise supplemental jurisdiction. Under 28 U.S.C. §1367(c)(3), district courts may decline jurisdiction over state claims as a "matter of discretion." Hassett v. Lemay Bank and Trust Co., 851 F.2d 1127, 1130 (8th Cir. 1988). The Eighth Circuit has "stress[ed] the need to exercise judicial restraint and avoid state law issues whenever possible" and the "necessity to provide great deference and comity to state court forums to decide issues involving state law questions." Condor Corp. v. City of St. Paul, 912 F.2d 215, 220 (8th Cir. 1990). Therefore, this Court declines jurisdiction over the state claims and remands the claims to the state court.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Washington County, Missouri's motion to dismiss is **GRANTED in part** and **DENIED without prejudice in part**; said motion is **GRANTED** as to Count I and **DENIED without prejudice** as to Counts II and III. [Doc. 5]

**IT IS FURTHER ORDERED** that the remaining state law claims are **REMANDED** to the Circuit Court of Washington County, State of Missouri, from which this matter was removed.

**IT IS FURTHER ORDERED** that the Order Setting Rule 16 Scheduling Conference entered August 28, 2008 is **VACATED**.

An order of dismissal will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 26th day of September, 2008.